IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | 1:21-CR-00256-RP |
| MARCOS ROBERTO GARCIA | § § § | |

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, particularly, Defendant's participation in an interstate conspiracy to distribute large amounts of the highly dangerous drug fentanyl into the Austin, Texas metropolitan area;

- the weight of the evidence against the person, namely, surveillance of Defendant arranging a sale of several thousand pills containing fentanyl, video evidence of his shipping a package containing illegal narcotics, surveillance of Defendant in a hotel to carry out a narcotics

1

sale with a law-enforcement cooperating source and his subsequent completion of that deal, expected testimony from multiple cooperating witnesses implicating Defendant in the interstate fentanyl trafficking conspiracy;

- the history and characteristics of the person, including Defendant's lack of ties to the community, lack of verified employment, his significant ties to Mexico (including close family), his numerous phone calls to contacts in Mexico, his numerous crossings in and out of Mexico in the months leading up to his arrest, and his claim that he could not locate his passport;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, in particular, his extensive involvement in trafficking fentanyl (along with the multiple overdoses tied to this distribution), evidence of his carrying a firearm when conducting drug transactions, and his reference to his connections in Mexico in connection with threats to others involved in the drug trade; and.

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or

on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED March 29, 2022.

                                                DUSTIN M. HOWELL
                                              UNITED STATES MAGISTRATGE JUDGE